```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VOICE TELE SERVICES INC.,                       :
                          Plaintiff,            :       19-cv-5257 (NGG)(RML)
                                                :
           v.                                   :       **AMENDED COMPLAINT**
                                                :
SMS CONSORTIUM, LLC,                            :
                                                :       JURY TRIAL DEMANDED
                          Defendant.            :
------------------------------------------------------------X
```

Plaintiff Voice Tele Services Inc. ("VTS" or "Plaintiff") files this Complaint against Defendant SMS Consortium, LLC ("SMS" or "Defendant") as follows:

## NATURE OF THE ACTION

1. VTS files this action because SMS failed to pay an invoice with a net balance of $300,281.83 for telecommunication services VTS rendered to SMS pursuant to the parties' agreement. The agreement also provides that late payments are assessed a late charge of 1.5% per month or the maximum amount permitted by law, whichever is greater, meaning at a minimum, SMS is accruing interest at the daily rate of $148.10 on its outstanding total balance. As required by the terms of the agreement, SMS has not timely disputed any of the charges within seven days from the date of invoice, and therefore accepts the amount due on the invoice. Accordingly, VTS seeks judgment on its breach of contract and account stated claims against SMS.

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between Plaintiff, a citizen of Pennsylvania, and Defendant, a citizen of New York.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because: a) Defendant resides in this judicial district, b) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and c) and pursuant to agreement, the parties consented to jurisdiction of the federal or state courts located in New York, New York.

## PARTIES

4. Plaintiff VTS is a Pennsylvania corporation with offices located at 1608 Walnut Street., 12th Floor, Philadelphia, Pennsylvania.

5. Defendant SMS is a Pennsylvania limited liability company with offices located at 1303 53rd Street, Suite 103, Brooklyn, New York.

## FACTS

6. On November 2, 2018, VTS and SMS entered into a Reciprocal Carrier Services Agreement ("Agreement"), whereby VTS agreed to provide telecommunication services to SMS. (The Agreement is annexed hereto as Exhibit 1.)

7. Pursuant to the Agreement, VTS provided telecommunication services to SMS.

8. Paragraph 6 of the Agreement provides that Services will be billed every fourteen days and payment for services will be due fourteen days from the receipt of the invoice.

9. VTS issued an invoice to SMS.

10. Invoice No. 323, dated January 31, 2019, was for the total amount of $300,281.03 for which full payment was due on February 16, 2019.

11. To date, SMS has made no payments for services rendered and invoiced on Invoice No. 323.

12. Pursuant to paragraph 8 of the Agreement, SMS can dispute charges no later than seven days from the date of invoice.

13. SMS did not dispute any of the charges on Invoice No. 323 within seven days from the date of invoice.

14. Since the invoice due date has passed, VTS demanded payment several times, and SMS has not remitted any payments for the invoice.

15. To date, the total outstanding balance for the three invoices owed by SMS is $300,281.83.

16. Pursuant to paragraph 6 of the Agreement, late payments are assessed a late charge of 1.5% per month or the maximum amount permitted by law (which is federal law and New York state law, pursuant to paragraph 22 of the Agreement), whichever is greater.

17. Therefore, pursuant to the Agreement, the total amount owed by SMS to VTS, at a minimum, is increasing on a monthly basis at a daily rate of $148.10.

## FIRST CAUSE OF ACTION

### Breach of Contract

18. Plaintiff realleges paragraphs 1-17.

19. VTS and SMS are parties to the Agreement.

20. SMS agreed to be bound by the Agreement and is subject to the terms and conditions thereof.

21. SMS breached the Agreement, *inter alia*, by:
   a. failing to pay the outstanding the invoice within seven days of the invoice date; and
   b. failing to pay the late charge of 1.5% per month or the maximum amount permitted by law (which is federal law and New York state law, pursuant to paragraph 22 of the Agreement), whichever is greater.

22. Plaintiff was proximately and actually damaged by these breaches of contract for an amount no less than $300,281.83, with monthly late charges accruing in the amount of 1.5% or the maximum amount permitted by law (which is federal law and New York state law, pursuant to paragraph 22 of the Agreement), whichever is greater.

23. Plaintiff demands judgment on its breach of contract claim against SMS.

## SECOND CAUSE OF ACTION

### Account Stated

24. Plaintiff realleges paragraphs 1-23.

25. Plaintiff presented an account to SMS in the form of Invoice No. 323.

26. The account was accepted because SMS failed to raise a timely objection to the amount due.

27. Pursuant to the Agreement, SMS promised to pay the amount stated on the account.

28. SMS did not pay the amount stated on the accounts.

29. As a result, Plaintiff was proximately and actually damaged by this account stated for an amount no less than $300,281.83, with monthly late charges accruing in the amount of 1.5% or the maximum amount permitted by law (which is federal law and New York state law, pursuant to paragraph 22 of the Agreement), whichever is greater.

30. Plaintiff demands judgment on its account stated claim against SMS.

WHEREFORE, Plaintiff demands the following relief by judgment:

A. All relief demanded in Counts I and II of this Complaint;

B. All costs and expenses including without limitation, attorneys' fees incurred by Plaintiff in this action;

C. Pre-and post-judgment interest at the maximum legal rate; and

D. Such other and further relief as this Court deems just and proper.

Dated: Chamblee, Georgia
July 2, 2019

STILLMAN WELCH, LLC

By: */s/ Shira Rosenfeld Grossman*
Shira Rosenfeld Grossman (SG 5392)
T. Brandon Welch (*pro hac vice motion to be filed*)
3453 Pierce Drive, Suite 150
Chamblee, Georgia 30341
Telephone: (404) 895-9040
Facsimile: (404) 907-1819